# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERNESTO LYLE GALVEZ,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )  CIVIL NO. 05-293-JLF |
| | ) |
| **HARRELL WATTS,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**FOREMAN, District Judge:**

Petitioner, formerly an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge a disciplinary proceeding in which he lost 13 days of good conduct credit. He seeks expungement of the ticket and restoration of that revoked sentence credit.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

On October 21, 2004, Petitioner was searched while leaving the food services department.

The search of his mess bags revealed 19 packages of hot dogs, 40 hamburger patties, 20 pizza crusts, and 40 pieces of fried chicken. He was charged with "possession of anything not authorized for retention or receipt by the inmate" and, at his hearing, he admitted possession of these food items. As a defense, he stated that he bought it from the cooks. Not surprisingly, he was found guilty and punished with 14 days in segregation, the loss of 13 days of good conduct credit, and restitution in the amount of $56.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-572.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983).

In this case, Petitioner does not allege that he was denied any of these procedural protections. Instead, he argues that this incident report must be expunged because his appeal to the Regional Office was not processed within 30 days as required by law. *See* 28 C.F.R. § 542.18. Although Petitioner is correct that the rule mandates a response from the Regional Office within 30 days, the statute also provides for a 30-day extension, if the initial 30-day period "is insufficient to make an appropriate decision." *Id.* Further, the rule does not provide for expungement of an incident report if a timely response to an appeal is not received. Rather, "[i]f the inmate does not receive a response

within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.*

Therefore, Petitioner is not entitled to expungement of this incident report, and this habeas action does not survive review under Rule 4. Accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**
**DATED:  October 31, 2005.**

                                *s/ James L. Foreman*
                                              **DISTRICT JUDGE**